## Case No. 2,476.

CARTER v. CUTTING et al.

[2 Cranch, C. C. 58.][1]

Circuit Court, District of Columbia. Nov. Term, 1812.

DISTRICT OF COLUMBIA—CHANGE OF VENUE.

An issue, sent by the orphans' court to this court, to try the validity of a will, cannot be removed to the other county, under the act of congress of the 24th of June, 1812, § 8.

[See note at end of case.]

[Petition by the heirs of Sally Carter to revoke the probate of her will, devising her estate to Sally C. Cutting, wife of J. B. Cutting.]

An issue was sent by the orphans' court of this county, to this court, to try the question devisavit vel non.

R. J. Taylor, for the defendant, made a motion to change the venue to Washington county, founded upon the defendant's affidavit of partiality and general prejudice in this county. This motion was made under the act of congress (2 Stat. 757) of the 24th of June, 1812, § 8, "to amend the laws within the District of Columbia."

THE COURT, however (THRUSTON, Circuit Judge, absent), was of opinion that it was not a case which could be transferred to another county under that act.

See, also, Alexander v. Wise, May term, 1844 [unreported].

[NOTE. Petitioners applied to the orphans' court of Alexandria county to revoke the probate of the will. Without issuing a summons, that court dismissed the petition, whereupon petitioners appealed to the circuit court of the District of Columbia, which affirmed the action of the orphans' court. Petitioners then appealed to the supreme court of the United States, where the decree of the circuit court was reversed, and the cause remanded, with directions to proceed to a hearing upon the merits. See Carter v. Cutting, 8 Cranch (12 U. S.) 251.]

CARTER (FISHER v.). See Case No. 4,815.
CARTER v. HAIGH. See Case No. 2,475.
CARTER (LAMB v.). See Case No. 8,013.

## Case No. 2,477.

CARTER v. LANE et al.

[1 Hayw. & H. 176.][1]

Circuit Court, District of Columbia. April 1, 1844.

SALES—CONTINUOUS DEALING—NOTICE OF CHANGE OF TERMS.

1. Where a party deals with another on terms of credit, it is his duty to notify his customer that his terms are cash, before making up the goods for said customer.

[2. Where a tailor has dealt with a customer on credit, he should notify the latter of his change to cash dealings before making up goods.]

At law. Appeal from justice of the peace.

The suit was brought before B. K. Morsell, justice of the peace. The appellees [Charles H. Lane and William Tucker], trading under the firm name of Lane & Tucker, made a pair of pantaloons for the appellant [Bernard F.] Carter, and sent them home ordering the boy not to deliver the pantaloons unless they were paid for. The appellant became offended and refused to take them, whereupon the appellees brought suit. The magistrate gave them judgment for the value of the pantaloons. From which judgment the defendant in the court below appealed.

Barton Key, for appellant.

Jos. H. Bradley, for appellees.

In the trial of the case, the appellees produced two advertisements published in the National Intelligencer, that stated in one, that the firm of Lane & Tucker had received direct from Paris a general assortment of goods, all of which they will sell cheap for cash, or to punctual customers on a short credit, and in the other that they are now prepared to make spring and summer wear cheap for cash.

THE COURT decided, after hearing the testimony of the witnesses, and the arguments of counsel, that inasmuch as the gentleman had before dealt with the appellees on terms of credit, it was their duty to have notified him before they made the pantaloons, that they had changed their terms to cash.

The circuit court reversed the judgment of the magistrate.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]